We do not think that the courts of the District can be used for that purpose. The appellant deliberately set at naught a District statute, which she was bound to respect and obey, and she cannot now ask the courts of this jurisdiction to relieve her of the obligations of a relation which she willfully and wrongfully assumed, or to enforce the right to support which would have been hers, had the relation been lawfully contracted in the District.

It is the special duty of courts to discourage infractions of the laws and fixed policies of the particular division of the national domain to which they are accredited, and they cannot aid litigants in securing the benefit of illegal transactions or illegal acts, without bringing such laws and policies into contempt. Judicial tribunals may well decline, therefore, to lend their support to claims which are directly and immediately founded upon a violation of the statutes of their territorial jurisdiction. Morck v. Abel, 3 Bos. & P. 35; Collins v. Blanterm, 1 Smith's Lead. Cases, pt. 2, p. 716; Vandyck v. Hewitt, 1 East, 96; Clugas v. Penaluna, 4 Term Rep. 466; Weymel v. Read, 5 Term Rep. 599; Montefiori v. Montefiori, 1 W. Black. 3o3; Wilde v. Wilde, 37 Neb. 891, 56 N. W. 724; Lanktree v. Lanktree, 42 Cal. App. 648, 183 Pac. 954, 955; Beard v. Beard, 65 Cal. 354, 4 Pac. 229; Hunter v. Wheate, 53 App. D. C. 206, 289 Fed. 604; Armstrong v. Toler, 11 Wheat. 258, 260, 6 L. Ed. 468; Hall v. Coppell, 7 Wall. 542, 558, 19 L. Ed. 244; Oscanyan v. Arms Co., 103 U. S. 261, 267, 26 L. Ed. 539; Higgins v. McCrea, 116 U. S. 671, 686, 6 Sup. Ct. 557, 29 L. Ed. 764.

We are of the opinion that a husband or wife, divorced on the ground of adultery, who defies the ban of section 966, should not be permitted to take advantage of his or her own wrong, and should be left as found in the relation unlawfully undertaken.

[2] While, however, the courts of the District will refuse a husband or wife relief from a remarriage willfully contracted in violation of the laws of the District, and will not enforce the obligations of the marital status so assumed, if such enforcement will result in benefit or advantage to the wrongdoer only, judicial cognizance may be taken of such status in order to preserve and protect the rights of children and other innocent persons.

The decree appealed from is affirmed, with costs.

---

### In re BUDD et al.

(Court of Appeals of District of Columbia. Submitted November 14, 1923. Decided December 3, 1923.)

### No. 1588.

Patents ⚙⇒22—Application for patent for hub structure for demountable automobile wheels properly rejected.

Claims 7, 8, 13, and 14 of an application for a patent on a two-part hub structure for a demountable automobile wheel, in which the inner hub part is permanently mounted to rotate on a fixed axle, and the outer hub

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

part carries the wheel structure and is rigidly located on the inner hub member, but capable of being unlocked and removed therefrom, *held* properly rejected, being merely a slight modification of existing patents.

Appeal from the Commissioner of Patents.

In the matter of the application of Edward G. Budd and another for a patent. From a decision refusing a patent, applicants appeal. Affirmed.

C. B. Des Jardins, of Philadelphia, Pa., for appellants.

Theodore A. Hostetler, of Washington, D. C., for commissioner of Patents.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to allow claims 7, 8, 13, and 14 of appellant's application for a patent on a two-part hub structure for a demountable automobile wheel, in which the inner hub part is permanently mounted to rotate on a fixed axle. The outer hub part carries the wheel structure and is rigidly located upon the inner hub member, but capable of being unlocked and removed therefrom. Claim 8 is sufficiently illustrative and is here reproduced:

"8. In a wheel structure, the combination of an inner hub member having a tapered seat of polygonal cross-section, an outer hub member having, near its inner end, a cooperating seat of similar cross-section and, adjacent, its outer end, an internal conical surface, and a nut threaded on said inner hub member and exerting a thrust against the conical surface on the outer hub member."

It is sought to distinguish this claim from the patent to House (No. 1,166,130, December 28, 1915), covering the same sort of a combination, because it calls for "a tapered seat of polygonal cross-section." In the House patent the corresponding seat is conical in shape, but in the specification House states that "various means are in use for locking the hub parts together against turning on one another." In the French patent to Gaillard (No. 457,693, September 23, 1913), ribs and grooves are employed for this purpose, while in the French patent to Offrion (No. 452,313, May 14, 1913), "a tapered seat of polygonal cross-section" is shown.

It was the view of the Patent Office that the slight change in appellant's structure did not rise to the dignity of invention, especially in view of the references; in other words, that the result might have been achieved by a skilled mechanic. After giving due weight to appellant's argument and brief, we are constrained to agree with the tribunals of the Patent Office, in whose decisions the question is fully and satisfactorily discussed. The decision therefore is affirmed.

Affirmed.